IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                         Plaintiff,

        v.

ANTONIO C. BOYD,

                         Defendant.

OPINION AND ORDER

        07-cv-00653-bbc
        06-cr-00154-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Antonio C. Boyd has filed a timely motion for postconviction relief pursuant to 28 U.S.C. § 2255.  He contends that he was denied the effective assistance of counsel both at trial and on appeal when both lawyers failed to introduce evidence showing that two of his previous convictions were counted improperly in the guideline sentencing calculation.

In his cover letter to his motion, defendant asked whether he needs to file a separate memorandum of law in support of his motion.  The answer is that such a memorandum is unnecessary because he has set out his claims clearly in his motion.

Defendant was charged in this court with being a felon in possession of a firearm and

1

ammunition, in violation of 18 U.S.C. § 922(g)(1). When his criminal history score was

calculated, he was assessed one point for a conviction of battery-habitual criminality in

Douglas County, Wisconsin in 1998. He was also assessed a point for another Douglas

County conviction in 2005, this time for operating while intoxicated. These two points

increased his criminal history score to ten, which put him into criminal history category V.

Defendant's trial counsel objected to the addition of a point for the battery

conviction, arguing that because it was classified as a misdemeanor, it should not have been

given a point simply because the state added a statutory enhancer that increased it to a

felony. Moreover, he argued, it should not have been used as the basis for setting

defendant's base offense level at 20, pursuant to U.S.S.G. § 4K2.1(a)(4)(A). Counsel also

objected to including a point for the OWI conviction, pointing out that defendant was in

custody at the time and judgment was entered by default, depriving defendant of the ability

to present a timely defense to the charge.

All three objections were overruled in sentencing defendant. Because the

misdemeanor charge included the habitual offender enhancement, the charge carried a

maximum term of imprisonment of not more than two years. It was appropriate to use the

conviction in determining the base offense level. Under the sentencing guidelines, a felony

conviction is "a prior adult federal or state conviction for an offense punishable by death or

imprisonment for a term exceeding one year regardless of whether such offense is specifically

designated as a felony and regardless of the actual sentence imposed."  U.S.S.G. § 2K2.1 App. Note1.

As to the inclusion of a point for the operating while intoxicated conviction, the record showed that a plea of no contest was entered for defendant.  The sentencing guidelines provide that a plea of no contest is considered an adjudication of guilt.  U.S.S.G. § 4a1.2(A)(1).

On appeal, defendant's appellate counsel raised the same challenges that trial counsel had.  The court of appeals found no merit to any of them and affirmed defendant's sentence in an unpublished decision.  United States v. Boyd, No. 06-2626 (7th Cir. Mar. 8, 2007).

In his postconviction motion, defendant raises a new issue that he supports with copies of two state court sentencing transcripts.  He contends that the transcripts of his plea proceeding in the 1998 battery case show that his trial counsel told the court that the habitual criminal charge was not going to be filed.  Dec. 7, 1998 Trans. at 2-3.  Despite this reference, it appears from the transcript of a 2000 revocation proceeding, as well as from the records relied upon by the United States Probation Officer in this case, that the enhancement was filed.  Jan. 7, 2000 Trans. at 5.

If defendant entered his plea of guilty to the 1998 charges thinking that he would not be charged with habitual criminality, it may be that his conviction would be found invalid. However, for purposes of his sentencing in this court, the conviction was of record and

3

presumptively valid.  Any attack on the sentence would have to take place in state court.

Custis v. United States, 511 U.S. 485 (1994) (defendant in federal sentencing proceeding

has no right to collaterally attack validity of previous state convictions used to enhance his

sentence unless record shows that he was deprived of counsel in violation of Gideon v.

Wainwright, 372 U.S. 335 (1963)); see also Johnson v. United States, 544 U.S. 295 (2005)

(defendant who succeeds in having state sentence overturned has one year in which to file

postconviction motion challenging use of overturned sentence in calculating federal sentence,

provided he exercised due diligence in attacking state sentence).

It is possible that defendant will be procedurally barred from attacking his 1998

conviction because he did not do so while his state remedies were available to him.  If so, he

has no recourse.  Daniels v. United States, 532 U.S. 374, 382-83 (2001).  If he does succeed

in overturning either or both sentences, he will have one year in which to file another § 2255

motion.  Johnson, 544 U.S. at 308.  However, as Johnson holds, he will have to demonstrate

that he exercised due diligence in getting his prior sentences overturned.  Id. at 310.

The 2000 operating while intoxicated conviction meets the same fate as the habitual

criminal enhancement.  The conviction is presumed valid unless and until defendant can

attack it successfully in state court.  United States v. Jiles, 102 F.3d 278, 280-81 (7th Cir.

1996).

Given the state of the law on prior state court sentences, neither trial nor appellate

4

counsel could have changed the outcome of defendant's sentencing or appeal by introducing the transcripts of the prior state court proceedings.  Showing that defendant had been led to believe that no charge of habitual criminality would be filed would not have changed the outcome of the federal sentencing or the appeal.  Defendant's sentence for the 1998 battery is presumed valid until overturned in state court, as is the 2000 driving while intoxicated conviction.  Therefore, defendant has no legal ground on which to obtain postconviction relief in this proceeding.

ORDER

IT IS ORDERED that defendant Antonio Castenada Boyd's motion for postconviction relief pursuant to 28 U.S.C. § 2255 is DENIED for defendant's failure to show that he was denied the effective assistance of counsel at his sentencing or on appeal.

Entered this 30th day of November, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5