IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                  ORDER

           Plaintiff,

                                                  07-cv-653-bbc
                                                  05-cr-154-bbc

     v.

ANTONIO BOYD,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Defendant Antonio Boyd moved pursuant to 28 U.S.C. § 2255 to vacate his sentence on November 23, 2007, contending among other things that I had sentenced him improperly as a career offender. In doing so, I relied on what I believed to be a state conviction for battery-habitual criminality, which is considered a predicate felony offense of violence in determining career offender status under the Sentencing Guidelines. Accompanying the motion was a transcript of the plea proceeding that led to his 1998 conviction in state court for battery and another transcript of the hearing that was held in 2000 on the revocation of the term of probation imposed on defendant for the battery offense. According to defendant, the transcripts showed that his state court trial counsel had

1

told the court that no habitual criminal charge would be filed and defendant had pleaded guilty on that understanding. In reviewing the transcripts, I found that defendant was correct about his understanding that he would not be charged with habitual criminality but incorrect about the fact that the habitual criminality charge was not filed. It appeared from the discussion at the revocation hearing that it was of record. So long as that enhancement appeared in the state court record, defendant could not challenge his status as a career offender in federal court. I denied the motion and judgment was entered.

Denial of the motion was an error. Under the circumstances, I should have stayed a decision and allowed defendant a short period of time in which to clear up the circumstances of his state court plea. He has now done so. He has submitted correspondence from the sentencing judge and a copy of the corrected judgment of conviction, which shows that he was convicted of battery in violation of Wis. Stat. § 940.19(1) and sentenced to 240 days in the Huber program with credit for 50 days previously served. I construe defendant's recent motion as one for re-opening his previous motion and will grant it.

ORDER

IT IS ORDERED that the motion for postconviction relief filed by defendant Antonio C. Boyd and denied prematurely by this court on November 30, 2007, is re-opened and

2

granted. Defendant will be re-sentenced without considering his 1998 battery conviction as a predicate sentence for career offender status. I will ask the Federal Defender to appoint new counsel for defendant for the purpose of re-sentencing.

Entered this 15th day of February, 2008.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

3